UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DARLENE OLIVER,                                    )
                                                   )
                            Plaintiff,             )          **COMPLAINT**
                                                   )
        -against-                                  )
                                                   )          **JURY TRIAL DEMANDED**
THE CITY OF NEW YORK; JOHN DOE                     )
FEMALE NYPD SERGEANT; JOHN DOE # 1;                )
JOHN DOE # 2; FEMALE JOHN DOE OFFICER;             )
JOHN DOE SERGEANT; JOHN DOE # 3; JOHN              )
DOES; RICHARD ROES,                                )
                                                   )
                            Defendants.            )

-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff DARLENE OLIVER seeks relief for

the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees,

and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth, and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every claim as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on March 16, 2018, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff DARLENE OLIVER is a citizen of the United States, and at all times relevant herein resided in the state of New York, County of New York.  Plaintiff DARLENE OLIVER is African-American.

8.      Defendant THE CITY OF NEW YORK ("The City") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of

2

police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department ("NYPD").

9.      Defendants JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE # 1; JOHN DOE # 2; FEMALE JOHN DOE OFFICER; JOHN DOE SERGEANT; JOHN DOE # 3; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE # 1; JOHN DOE # 2; FEMALE JOHN DOE OFFICER; JOHN DOE SERGEANT; JOHN DOE # 3; and JOHN DOE,; are sued individually and in their official capacity.

10.     Defendants JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE SERGEANT; and RICHARD ROES, are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE

CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority

vested in them by THE CITY OF NEW YORK and the New York City Police Department, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants JOHN DOE FEMALE NYPD SERGEANT;

JOHN DOE SERGEANT; and RICHARD ROES, are sued individually and in their official

capacity.

## STATEMENT OF FACTS

11.     At approximately 4:00 or 5:00 p.m. on December 16, 2017, Plaintiff was in her

home at 1420 Bronx River Avenue, Apartment 2H, Bronx, New York, when JOHN DOE

FEMALE NYPD SERGEANT (Caucasian, approximately 5'4" tall, with dark hair and a ponytail)

and JOHN DOE # 1 (male, approximately 5'9" tall, and bald) knocked on the door.

12.     Plaintiff, a short time prior to the police arriving at her door, had had a physical

dispute with her neighbor in the lobby of her building.

13.     JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1 asked Plaintiff to

come outside, and Plaintiff stepped out of her apartment into the hallway.

14.     Plaintiff is 4'11'' tall, and weighs approximately 121 lbs.

15.     Plaintiff explained to JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE

# 1 what had transpired with her neighbor.

16.     JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1, told Plaintiff to

remain in the hallway, and left for a brief time.

17.     Shortly thereafter JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE #

1 came back to the hallway and asked her for her identification.

4

18.     Plaintiff informed JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE #
1 that her identification was inside of a friend's vehicle just outside the building, and that she
needed to go get it.

19.     JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1 told Plaintiff to
just hold on, and to not go to the vehicle.

20.     JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1 then went away
again for approximately ten minutes.

21.     JOHN DOE # 1 then came back and told Plaintiff she could go to her friend's
vehicle to retrieve her identification.

22.     Plaintiff went down the stairs and then JOHN DOE # 1 told her to hold on.

23.     Plaintiff asked why, and JOHN DOE # 1 then told her she could proceed.

24.     As Plaintiff began to turn a corner on the lobby level she saw the woman she had
been in an altercation with earlier standing there.

25.     There were also approximately fifteen JOHN DOES members of the NYPD,
including JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1, present at the lobby
level at that time.

26.     JOHN DOE # 2 (male, African-American officer) then, out of nowhere and
without cause or justification, slammed Plaintiff into a wall with excessive force, and handcuffed
Plaintiff with an excessive and punitive tightness.

27.     Plaintiff was then removed from the building and transported to a local housing
police precinct, PSA-8.

28.     Once at PSA-8 a FEMALE JOHN DOE OFFICER took Plaintiff to the restroom,

and pat-frisked Plaintiff there.

29.     After the pat-frisk Plaintiff was brought to a bench at the precinct and JOHN DOES asked her to sit.

30.     Plaintiff responded that she preferred to stand, and proceeded to stand there for approximately 10 minutes, still rear handcuffed.

31.     After Plaintiff stood for the approximately 10 minutes JOHN DOE FEMALE NYPD SERGEANT entered the precinct.

32.     JOHN DOE FEMALE NYPD SERGEANT – without asking for Plaintiff's permission to touch her – moved some strands of Plaintiff's hair which were in front of Plaintiff's face.

33.     Plaintiff told JOHN DOE FEMALE NYPD SERGEANT not to touch her.

34.     JOHN DOE FEMALE NYPD SERGEANT got angry at Plaintiff's words and, without cause or justification, grabbed Plaintiff – who was still rear handcuffed - and threw Plaintiff with excessive force into the wall of the precinct's raised and long desk area, causing injury to Plaintiff's eye.

35.     JOHN DOE FEMALE NYPD SERGEANT also verbally abused Plaintiff, saying things like, in sum and substance, "who the fuck do you think you are" and "this is my precinct."

36.     JOHN DOE FEMALE NYPD SERGEANT also pulled Plaintiff's arms backwards such as to purposely and gratuitously cause her pain and injury.

37.     JOHN DOE #1, and a male JOHN DOE # 3 officer, assisted JOHN DOE FEMALE NYPD SERGEANT in so manhandling Plaintiff.

38.     Plaintiff screamed about what these Defendants were doing to her arms, and stated

that there was video recording in the precinct.

39.     JOHN DOE FEMALE NYPD SERGEANT continued to verbally abuse Plaintiff, saying further things like, in sum and substance, "shut the fuck up," "who the fuck do you think you are you stupid black bitch," and the like.

40.     At one point, after the abuse had been going on for some time, a male JOHN DOE SERGEANT called JOHN DOE FEMALE NYPD SERGEANT to the side, seemingly to tell her to stop abusing Plaintiff.

41.     Plaintiff sustained scrapes to her wrists, redness, and swelling to one of her hands from the manner in which her arms were manhandled.

42.     The JOHN DOE FEMALE NYPD SERGEANT told Plaintiff that she was getting put through the system, rather than receiving a Desk Appearance Ticket, because she was a "stupid black bitch" and because Plaintiff was being an asshole.

43.     Plaintiff was taken to Jacobi Hospital while in custody, by ambulance.

44.     JOHN DOE FEMALE NYPD SERGEANT's ordered that Plaintiff also be placed in leg shackles, which were placed upon her with excessive and punitive tightness, when brought to the hospital.

45.     Plaintiff was given pain medication at the hospital for the pain in her arms, and an X-ray of her hand.

46.     Plaintiff was then taken back to the precinct, and then to Central Booking, and eventually released after her arraignment.

47.     Plaintiff was in custody prior to her arraignment for approximately 48 hours.

48.     Following her release from custody Plaintiff received follow-up care from her

7

primary care physician.

49.      Throughout her ordeal Plaintiff complained that the handcuffs (and the leg shackles) were too tight, but the tightness was not alleviated.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

50.      Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51.      By their conduct and actions in assaulting and battering (*i.e.*, by using excessive force against), violating and retaliating for the exercise of the right to free speech of, violating Plaintiff's right to equal protection under law, wrongfully denying Plaintiff a Desk Appearance Ticket and prolonging Plaintiff's time in custody due to racial animus and in retaliation for the exercise of her right to free speech, and failing to intercede on behalf of, Plaintiff, defendants JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE # 1; JOHN DOE # 2; FEMALE JOHN DOE OFFICER; JOHN DOE SERGEANT; JOHN DOE # 3; and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

52.      As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was

otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

53.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE SERGEANT; and RICHARD ROES, caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

55.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

56.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

58.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

59.      At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

60.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

61.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies,

practices, customs and/or usages of encouraging and/or tacitly sanctioning pervasive

discrimination against people of color by members of the NYPD.  Such policies, practices,

customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged

herein.

62.     At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had <u>de</u> <u>facto</u> policies,

practices, customs and/or usages of denying Desk Appearance Tickets to arrestees for

discriminatory or retaliatory reasons.  Such policies, practices, customs and/or usages are a direct

and proximate cause of the unconstitutional conduct alleged herein.

63.     As a result of the foregoing, Plaintiff was deprived of her liberty and property,

suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was

otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
### FOR STATE LAW VIOLATIONS

64.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

65.     The conduct of the individual defendants alleged herein, occurred while they were

on duty and in uniform, and/or in and during the course and scope of their duties and functions as

New York City police officers, and/or while they were acting as agents and employees of

defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK

is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

66.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

67.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68.     By the actions described above, defendants did inflict assault and battery upon Plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## TRESPASS

70.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

72.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was

12

otherwise damaged and injured.

## SEVENTH CLAIM

## NEGLIGENCE

73.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

76.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77.     Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the employees and officials who injured plaintiff.  The acts and conduct of these employees and officials were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, Plaintiff was deprived of her liberty and property,

suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empanelling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:       New York, New York
             March 14, 2019

_____/S/_____
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980
Attorney for Plaintiff

14