```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARLENE OLIVER,                                )
                        Plaintiff,             )
                                               )
    -against-                                  )
                                               )
THE CITY OF NEW YORK; POLICE OFFICER           )    19 Civ. 2321 (AT) (KHP)
MIGUEL PEREA; POLICE SERGEANT                  )
AMANDA SZOT; POLICE OFFICER DANIEL             )
RANGEL; POLICE SERGEANT JOSE                   )
MARTINEZ; POLICE OFFICER CHRISTIAN             )
VALENCIA; JOHN DOE FEMALE NYPD                 )
SERGEANT; JOHN DOE # 1; JOHN DOE # 2;          )
FEMALE JOHN DOE OFFICER; JOHN DOE              )
SERGEANT; JOHN DOE # 3; JOHN DOES;             )
RICHARD ROES,                                  )
                                               )
Defendants.                                    )
------------------------------------------------------------X
```

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PERMISSION TO FILE A SECOND AMENDED COMPLAINT

## PROCEDURAL HISTORY AND ARGUMENT

### PLAINTIFF SHOULD BE PERMITTED TO FILE A SECOND AMENDED COMPLAINT

Plaintiff respectfully moves herein for leave to file a Second Amended Complaint (SAC), adding two further members of the NYPD – Officer Miah and Sergeant Sorrells – as Defendants, asserting certain factual allegations with regard to their actions and omissions, adding a claim for denial of access to the courts and for conspiracy, delineating an additional theory of Monell liability, and setting forth in the claims section a state law claim for false imprisonment in relation to the denial of a Desk Appearance Ticket to Plaintiff which had already been amply pled factually in the prior pleadings. The red-lined, proposed SAC is annexed as **Exhibit 1** to the Declaration of Jeffrey A. Rothman (Rothman Decl.), filed in conjunction herewith. The proposed SAC, without red-lines, and in the form in which Plaintiff proposes to file it, is annexed to the Rothman Decl. as **Exhibit 2**.

The currently operative complaint in this action is the Amended Complaint, which was filed on August 18, 2019 (docket # 12) as of right pursuant to the Local Rule 83.10 procedures. That Amended Complaint added as defendants Officer Perea, Sergeant Szot, Officer Rangel, Sergeant Martinez, and Officer Valencia, based upon the information provided as of that date by the Defendants in their initial disclosures. *See*, Defendants' Initial Disclosures of August 5, 2019, **Exhibit 3** to the Rothman Decl. No other members of the NYPD were identified by Defendants as of that date as having any involvement in the incidents at issue in this case (which occurred first at 1420 Bronx River Avenue in the Bronx, and then at the NYPD's PSA-8 stationhouse in the Bronx, on December 16, 2017), and neither of the proposed new Defendants are mentioned

1

anywhere in the 123 pages of documents produced by Defendants' along with their Initial Disclosures.  *See*, Rothman Decl. ¶ 3.

After the case did not resolve via the Local Rule 83.10 procedures, a scheduling order was issued by Judge Torres on January 6, 2020 (docket # 33), which required any motion to amend to or to join additional parties to be made within 60 days from the date of that Order (*i.e.*, by March 6, 2020).  Plaintiff served Plaintiff's First Set of Interrogatories and Requests for Production of Documents upon Defendants (annexed as **Exhibit 4** to the Rothman Decl.) on January 31, 2021.

Shortly thereafter, as the Court is well aware, in March of 2020 the New York area was hit with the COVID pandemic, and there were numerous delays in discovery exchanges, and numerous extensions to the discovery schedule, that followed (due primarily to the pandemic, and counsel for Defendants' inability to access the Law Department's files or to liase with the NYPD). Defendants did not provide Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (annexed as **Exhibit 5** to the Rothman Decl.) - which they provided in an omnibus manner from all of the Defendants lumped together, and signed only by opposing counsel, in violation of Fed.R.Civ.P. 33 (b) (3) and (5) - to Plaintiff until June 9, 2020 (months after the March 6, 2020 deadline to amend had passed).  Neither of the proposed new Defendants were mentioned in Defendants' discovery responses.  In Response to Interrogatory No. 3 Defendants wrote, *inter alia*, "Defendants state that, upon information and belief, Sergeant Amanda Szot and Police Officer Miguel Perea viewed video footage of the plaintiff at 1420 Bronx River Avenue."

Plaintiff thereafter made a series of follow-up requests to Defendants concerning various discovery matters, including concerning the existence of, and preservation of, video footage from

1420 Bronx River Avenue, and concerning the need for individualized and verified interrogatory responses from the individual Defendants. Defendants have produced four files of video footage from 1420 Bronx River Avenue, which show the altercation between Plaintiff and her neighbor, and which show certain members of the NYPD milling about in the lobby area of the building upon their responding to the scene, but none of the footage shows any interactions at all between Plaintiff and the police, including the moment when she was handcuffed in the lobby area (at which time she alleges that she was violently slammed into a wall by Officer Perea). *See*, proposed SAC ¶ 26. *See also*, Rothman Decl. ¶ 9.

Defendants' also thereafter produced, on December 18, 2020, individualized interrogatory responses from the individual Defendants. Sergeant Szot's interrogatory responses (which are dated December 10, 2020) are annexed as **Exhibit 6** to the Rothman Decl. With regard to who viewed video footage from 1420 Bronx River Avenue, Sergeant Szot's response conflicts with what was stated in Defendants' omnibus discovery responses of June 9, 2020. Sergeant Szot's response to Interrogatory No. 3 states, *inter alia*:

> Sergeant Szot states that she called the N.Y.P.D. VIPER division to review and/or obtain video footage of the Plaintiff's incident that occurred on December 16, 2017, at 1420 Bronx River Avenue. Upon information and belief, Sgt. Szot spoke with Sergeant Bryan Sorrells from the VIPER division who reviewed video footage of 1420 Bronx River Avenue and the incident between Plaintiff and the complaining victim, Ms. Berrios. Sgt. Szot clarifies that she never personally reviewed the video on the date of the incident.

In light of the fact that (1) Szot spoke with Sorrells concerning the video footage, (2) that some of the video footage showing Plaintiff's fight with her neighbor in the lobby area of 1420 Bronx River Avenue, and showing the police milling around in the lobby area, were preserved; and (3) that all video footage showing Plaintiff's interactions with the NYPD (including the moment when she alleges she

3

was slammed into a wall in the lobby area of 1420 Bronx River Avenue by Officer Perea) have apparently been spoliated, Plaintiff seeks to add Sergeant Sorrells as a Defendant, and alleges that he Sgt. Szot, and Officer Perea conspired to destroy video footage that showed Officer Perea committing excessive force upon Plaintiff.  "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Tchatat v. O'Hara, 2017 U.S. Dist. LEXIS 116487, at *20-21 (S.D.N.Y. July 25, 2017) (quoting Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999); *accord* McGee v. Dunn, 672 F. App'x 115, 116 (2d Cir. 2017) (summary order)).

Plaintiff also seeks to add in that regard a claim for denial of access to the courts.  As a result of Szot's, Sorrells', and Perea's conduct, Plaintiff's excessive force claims "cannot now be tried (or tried with all material evidence)." Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). *See also*, DeMeo v. Kean, 754 F. Supp. 2d 435, 445-446 (N.D.N.Y. 2010) (denying police officer's motion for summary judgment on denial of access to the courts claim regarding his role in alleged partial erasure or complete destruction of video evidence).

The allegations concerning proposed new Defendant Sorrells are at ¶¶ 26, and 51-55 of the proposed SAC.

Plaintiff also, at ¶ 67 of the proposed SAC, seeks to add an additional Monell theory based on the City's policies and practices that routinely lead to the spoliation of critical video evidence.

As for Officer Miah, he was first identified as having been present in the lobby of 1420 Bronx River Avenue via Defendants' Supplemental Disclosures Pursuant to Fed.R.Civ.P. 26, dated November 23, 2020 (annexed as **Exhibit 7** to the Rothman Decl.).  Opposing counsel also

4

identified him as being the John Doe # 1 who Plaintiff alleges participated in manhandling her at the PSA-8 stationhouse. *See*, emails between Jeffrey Rothman, Esq. and Jorge Marquez, Esq. dated January 26, 2021 and February 1, 2021 (**Exhibit 8** to the Rothman Decl.). The allegations concerning proposed new Defendant Miah are at ¶¶ 11, 37, and 55 of the proposed SAC.

Plaintiff also seeks to set forth in the claims section of the proposed SAC a ninth claim for state law false imprisonment, based upon the denial of a Desk Appearance Ticket to Plaintiff based upon racial animus and retaliation for the exercise of her right to free speech. Defendants were already on explicit notice of this claim based on the prior pleadings. *See*, Amended Complaint at docket # 12 at ¶ 42 (which alleged that "The JOHN DOE FEMALE NYPD SERGEANT told Plaintiff that she was getting put through the system, rather than receiving a Desk Appearance Ticket, because she was a 'stupid black bitch' and because Plaintiff was being an asshole"), and at ¶ 50 (which alleged a federal claim for "wrongfully denying Plaintiff a Desk Appearance Ticket and prolonging Plaintiff's time in custody due to racial animus and in retaliation for the exercise of her right to free speech"). This had not been set forth as a separate state law claim in the claims section of the prior pleadings due simply to an oversight (which resulted from the fact that Plaintiff, while claiming false imprisonment stemming from the denial of a DAT for improper purposes, is not challenging the legality of her initial arrest). Of course, although it is common and customary to do so for the convenience of opposing parties and the Court, a plaintiff is not required to include any causes of action at all in a complaint. *See*, Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 347 (2014) (although § 1983 not pled, defendants were advised of the factual basis of the claim, and plaintiffs were "required to do no more"; amendment must be allowed to assert § 1983); Skinner v. Switzer, 562 U.S. 521, 530 (2011) ("Skinner's complaint is

not a model of the careful drafter's art, but under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."); Elec. Const. & Maint. Co., Inc. v. Maeda Pac. Corp., 764 F.2d 619, 622-23 (9th Cir. 1985) ("A party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit"; promissory estoppel claim should have been allowed "even if not specifically alleged in the complaint"); Alvarez v. Hill, 518 F.3d 1152, 1157-59 (9th Cir. 2008) ("it is sufficient that the complaint, alone or supplemented by any subsequent filings before summary judgment, provide the defendant fair notice that the plaintiff is claiming relief under RLUIPA as well as the First Amendment" even if RLUIPA was not pled); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992) ("Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it. [T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."); Brisk v. Shoreline Found., Inc., 654 F. App'x 415, 417 (11th Cir. 2016) ("A complaint need not specify in detail the precise theory giving rise to recovery, and all that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.").  It thus is Plaintiff's position that even were the Court to deny the instant motion to amend (which it should not), Plaintiff would still under the circumstances at bar be entitled to proceed with his state law false imprisonment claim, as it has always been pled and Defendants have always been on notice of it.

6

It would, however, be clearer and cleaner for the Court to grant the instant application and permit the filing of the proposed Second Amended Complaint.

The standard for granting leave to amend is, of course, a liberal one. Fed.R.Civ.P. 15(a)(2) states that "[t]he court should freely give leave when justice so requires." Rule 15 (b) further permits amending a pleading even at trial to conform to the evidence. And, although good cause under Rule 16 (b) (4) is required to amend the pleadings without the consent of an opposing party where a scheduling order has set a deadline for amendments, good cause under Rule 16 has been shown given that Plaintiff first learned the information necessary for the amendment well after the deadline for amending.

Plaintiff did not move to amend earlier because discovery is ongoing, and Plaintiff wished to avoid piecemeal motions to amend. *See*, Fed.R.Civ.P. 1. Plaintiff moves at this juncture because of the imminent approach of the statute of limitations for Plaintiff's federal claims (the statute of limitations is addressed *infra*). Although Plaintiff has been diligent in this case, even if Plaintiff had not been diligent the Court still should grant the motion because there is no prejudice to Defendants. *See*, e.g., Porter v. MooreGroup Corp., 2020 U.S. Dist. LEXIS 398, at *13-14 (E.D.N.Y. Jan. 2, 2020), discussing good cause under Rule 16 and noting that:

> Courts in the Second Circuit have sometimes excused a movant's lack of diligence where the information was available to the movant but could cause "potential confusion," or where the movant filed an amended pleading two months after learning new facts during discovery. *See Olaf Soot Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 399 (S.D.N.Y. 2017) (citations omitted). The Second Circuit has "left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment," absent a showing of undue prejudice for the non-moving party. *See Fresh Del Monte Produce, Inc.*, 304 F.R.D. 170, 175 (quoting *Castro v. City of New York*, 2010 U.S. Dist. LEXIS 19935, 2010 WL 889865, at *2 (E.D.N.Y. Mar. 6, 2010)); *Olaf Soot Design*, 299 F. Supp. 3d at 399.

Defendants cannot show any prejudice at all, let alone undue prejudice, should the Court permit the requested amendment, as discovery is ongoing and Sorrells (in addition to a number of others) will be deposed whether or not he is named as a Defendant, and Miah was deposed on June 24, 2021. The scope of discovery will not be expanded by the proposed amendment.

With regard to the timeliness of the new Section 1983 claims that Plaintiff seeks to bring against proposed new Defendants Sorrells and Miah, the federal statute of limitations has been extended by the 241 days that New York's statutes of limitations (including the three year statute of limitations period that New York-based Section 1983 claims borrow from) were tolled under Governor Cuomo's COVID-related Executive Orders (the tolling period ran from March 7, 2020 through November 3, 2020). *See*, e.g., Bowers v. City of Salamanca, 2021 U.S. Dist. LEXIS 129406, at *12-15 (W.D.N.Y. July 12, 2021). The incidents in this case occurred on December 16, 2017. Three years, plus the 241 days of the tolling period, from December 16, 2017 makes the federal statute of limitations in this case August 14, 2021. The proposed amendment is thus timely.

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully asks this Court to permit the filing of the proposed Second Amended Complaint.

8

Dated:      New York, New York
            July 23, 2021

                                      _____/S/_____
                                      JEFFREY A. ROTHMAN, Esq.
                                      305 Broadway, Suite 100
                                      New York, New York 10007
                                      (212) 227-2980

                                      Counsel for Plaintiff