```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARLENE OLIVER,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

1:19-cv-2321 (MKV)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Darlene Oliver alleges that the City of New York and several New York City Police Department officers ("Defendants") violated her civil rights following a December 16, 2017 arrest. Plaintiff's Amended Complaint [ECF No. 12] alleges direct and supervisory claims for "deprivation of rights under the United States Constitution and 42 U.S.C. § 1983," and state law claims, including assault and battery, trespass, and negligence.

    Plaintiff now has sought leave to file a Second Amended Complaint [ECF No. 70-2] (the "Proposed Second Amended Complaint" or "SAC") to include new claims and new defendants. [ECF No. 69]. On November 10, 2021, Magistrate Judge Parker issued a report and recommendation [ECF No. 88] (the "Report"), recommending that this Court grant the request in part. Thereafter, Plaintiff timely filed an objection to the Report [ECF No. 88] ("Pl. Obj."), and Defendants filed an opposition to the objections [ECF No. 91] ("Defs. Opp.").

    The background facts and procedural history of this case are set forth in detail in the Report. For the reasons stated herein, Magistrate Judge Parker's Report and Recommendation is ADOPTED in its entirety.

1

## **LEGAL STANDARD**

I. **MOTION TO AMEND**

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Notwithstanding that liberal standard, "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mutual Life Insurance Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citation omitted). Moreover, and particularly relevant here, a motion to amend may be denied when amendment would be futile. *Foman v. Davis*, 371, U.S. 178, 182 (1962). A motion to amend is futile if the amendment would not withstand a motion to dismiss pursuant to Rule 12(b)(6). *Oneida Indian Nation v. City of Sherill*, 337 F.3d 139, 168 (2d Cir. 2003); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

II. **REPORTS AND RECOMMENDATIONS**

When objections are made to a portion or portions of a magistrate judge's report, a district court "shall make a *de-novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Hector v. Miller*, 2004 WL 1908216 at *1 (S.D.N.Y. Aug. 25, 2004). The Court may then "accept, reject or modify the magistrate's findings and recommendations." 28 U.S.C. § 636(b)(1). However, when an objecting party does

not specifically object to a portion of the report, or where he or she simply restates the arguments previously made, this Court will adopt the report absent a finding of 'clear error' on the face of the record." *Nelson v. Smith*, 618 F.Supp.1186, 1190 (S.D.N.Y. 1985).

Plaintiff does not object to the portions of the report and recommendation "which recommended granting Plaintiff's application to [substitute Officer Abdul Miah], and to delineate a claim under New York state law for false imprisonment." Pl. Obj. at 4. The Court therefore reviews those portions for clear error. Having reviewed those portions of Magistrate Judge Parker's report and recommendation for clear error, the Court finds none. It is therefore ORDERED that the Court ADOPTS the portions of the report and recommendation granting Plaintiff leave to amend her complaint solely with respect to substituting Officer Miah and delineating a false imprisonment claim. The Court reviews the remaining portions of the report and recommendation *de novo* and agrees with the reasoned opinion of Magistrate Judge Parker.

## DISCUSSION

Plaintiff's Proposed Second Amended Complaint seeks to add to this three-year-old case three additional new causes of action: 1) a claim that the Defendants deprived her of access to the courts when video footage she now seeks was deleted; 2) a *Monell* claim against the City of New York for purportedly destroying video footage from New York City Housing Authority and NYPD properties after only thirty days; and 3) a Section 1983 conspiracy claim against Sergeant Sorrells as a new defendant. SAC ¶¶ 52-53, 55, 67. Following a *de novo* review, the Court agrees that amendment to include those claims would be futile.

I.  **PLAINTIFF'S PROPOSED AMENDMENT TO ADD AN ACCESS TO THE COURT CLAIM WOULD BE FUTILE**

Plaintiff contends that numerous officers "den[ied] [her] access to the Courts" when they "intentionally, maliciously, and with deliberate indifference" deleted video footage she now

seeks. SAC ¶ 55; Pl. Obj. at 3 (objecting to report with respect to "claims that Plaintiff sought to bring for conspiracy and denial of access to courts").

To state a claim for denial of access to the courts, a plaintiff must assert *non-conclusory allegations* demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 353 (1996); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Magistrate Judge Parker explained that Plaintiff "fails to meet the elements necessary to establish" an access-to-courts claim, because Plaintiff "has not alleged that the Defendants acted deliberately and maliciously." Report at 11. The Court agrees. Plaintiff proffers only the conclusory allegation that the purported deprivation of access was done "intentionally, maliciously, and with deliberate indifference." SAC ¶ 55; Pl. Obj. at 14 (arguing maliciousness "has been explicitly pled in the proposed SAC at ¶ 55."). The Court need not, and does not, credit those conclusory allegations when reviewing a claim for futility on Plaintiff's motion to amend. In the absence of factual allegations giving rise to an inference of maliciousness or deliberate indifference, amendment to include Plaintiff's access-to-the-court claim would therefore be futile. *See Iqbal*, 556 U.S. at 681 (allegations that defendant "knew of, condoned, and willfully and maliciously agreed to" violate plaintiffs rights were "bare assertions" and "conclusory.").

Even if the Court did accept Plaintiff's conclusory allegations, the Court agrees with Magistrate Judge Parker that "Plaintiff still can prosecute her claims by providing testimony,

4

including eyewitness testimony" and that "absence of [the] video *per se* does not result in denial of access to the courts." Report at 12. To state a denial of access claim, Plaintiff must demonstrate "actual injury" by establishing that the denial "hindered his efforts" to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 349, 351-53. "Mere delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003). According to Plaintiff, she is now forced into a "credibility contest in front of a jury." Pl. Obj. at 13-14. However, Plaintiff acknowledges that, notwithstanding the lack of video, "it is certainly *possible* that Plaintiff can still win her claims before a jury concerning the force used upon her." Pl. Obj. at 13 (emphasis in original).[1] Therefore, there does not appear to be "actual injury" or deprivation of the ability of Plaintiff to prosecute her case. Plaintiff's purported access-to-the-courts claim therefore fails to state a claim upon which relief could be granted, and amendment would be futile.

## II.  PLAINTIFF'S PROPOSED AMENDMENT TO ADD A CONSPIRACY CLAIM AGAINST SERGEANT SORRELLS WOULD BE FUTILE

The Proposed Second Amended Complaint alleges that Sergeant Sorrells "reviewed footage from 1420 Bronx River Avenue and, in conspiracy with Defendant SZOT and the other Defendants, purposefully did not preserve the video footage from that location." SAC ¶ 52.

To prove a Section 1983 conspiracy, a plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing

---

[1] Discussed *infra*, Plaintiff also asserts that she "will [move for spoilation sanctions] at the end of the discovery period" for issues "relating to the video footage . . . that Defendants failed to preserve." Pl. Obj. at 4. To the extent that Plaintiff seeks and prevails upon her anticipated motion for sanctions for an "intent to deprive" her of the use of the video footage, the Court may "instruct the jury that it may or must presume the information was unfavorable to" the opposing party. Thus, if the Court ultimately agrees with Plaintiff with respect to *sanctions*, Plaintiff will suffer no prejudice for the loss of the video.

damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). To survive a motion to dismiss, or in this case amend a complaint to add a new claim, a plaintiff asserting a conspiracy claim "must provide some factual basis supporting a meeting of the minds." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). As before, the Court does not credit "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983); *Iqbal*, 556 U.S. at 681 (conclusory conspiracy allegations need not be assumed as true).

Magistrate Judge Parker correctly points out that "there are no facts [in Plaintiff's Proposed Second Amended Complaint] from which a plausible inference could be drawn about an agreement." Report at 9-10. In her objections, Plaintiff redirects the Court to paragraphs 51 through 53 of the Proposed Second Amended Complaint. Pl. Obj. at 8-9. Those paragraphs, however, are wholly speculative and conclusory. For example, Plaintiff alleges that Sergeant Sorrells "in conspiracy with Defendant SZOT and the other Defendants, purposefully did not preserve the video footage from that location" and that he "conspired with Defendant SZOT to destroy" the footage. SAC ¶¶ 52-53. Merely saying something was done as part of a "conspiracy" does not suffice to state a claim that is plausible on its face. *See Iqbal*, 556 U.S. at 681. And, contrary to Plaintiff's contentions, the fact that "SZOT spoke with Sergeant Bryan Sorrells from the VIPER division who reviewed footage of 1420 Bronx River Avenue" does not reflect an agreement between the two for the simple reason that she does not plead an agreement arose from that conversation. SAC ¶ 51.[2]

---

[2] Plaintiff also objects to the Report insofar as Magistrate Judge Parker stated that "the Police had no notice that such footage would even be needed within the 30 days after her arrest, as Plaintiff did not indicate her intention to bring suit until ninety days after the incident when she filed her Notice of Claim." Report at 10. This Court agrees with Magistrate Judge Parker. Just because Plaintiff now contends in her objections that the officers "spoke to each other and determined together which parts of the video footage they should preserve and which parts they should

6

Magistrate Judge Parker, in the context of Plaintiff's proposed *Monell* claim, discussed *infra*, also correctly determined that Plaintiff does not make out a constitutional injury or violation by reason of the deletion of the video footage. Report at 12-13. That determination is germane here, too. *Pangburn*, 200 F.3d at 72 (agreement must be to "inflict an unconstitutional injury"). Plaintiff cites no case for the proposition that failure to preserve video is, by itself, a constitutional violation. Instead, Plaintiff conflates a cause of action for the alleged spoilation with *sanctions* for spoilation. *See* Pl. Obj. at 11-13 (citing a Montana "decision concerning spoilation sanctions" which is "quoted from [] at length."). To the extent that Plaintiff seeks to hold Defendants accountable for any spoilation of evidence, her recourse is to seek sanctions. *See* Fed. R. Civ. P. 37(e) (a party may seek sanctions "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery."). Indeed, Plaintiff suggests that she "will [move for spoilation sanctions] at the end of the discovery period" for issues "relating to the video footage . . . that Defendants failed to preserve." Pl. Obj. at 4. Because Plaintiff confuses sanctions with a cause of action, her objections do not resolve the issues that Magistrate Judge Parker and this Court have identified with respect to her claim that failure to preserve the video is not a constitutionally cognizable injury and does not support an independent cause of action. Plaintiff's proposed amendment to add a conspiracy claim would therefore be futile.

---

permit to be automatically deleted after 30 days" does not necessarily mean that the officers had notice that *Plaintiff* sought preservation of *all* footage beyond the 30-day policy. Pl. Obj. at 8; SAC ¶¶ 51-53.

### III.   PLAINTIFF'S PROPOSED *MONELL* AMENDMENT WOULD BE FUTILE

Plaintiff finally seeks to amend her complaint to add a claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging that the City's 30-day preservation policy violates her constitutional rights.  SAC ¶ 67. The finding of an underlying constitutional violation is a prerequisite for finding municipal liability. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("[None] of our cases authorize[ ] the award of damages against a municipal corporation based on the actions of one of its officers . . . [i]f a person has suffered no constitutional injury . . . ."); *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (not necessary to consider claims of municipal liability under *Monell* where "district court [] found no underlying constitutional violation.").  As discussed above, Plaintiff cites no case for the proposition that failure to preserve video for ninety days is, by itself, a constitutional violation. Therefore, Plaintiff has not shown how the City's 30-day preservation policy is one that causes a constitutional deprivation, and amendment to include a *Monell* claim on those grounds would be futile.

### CONCLUSION

The Court, having reviewed the thorough and well-reasoned report of Magistrate Judge Parker, and having conducted a *de novo* review of the portions to which Plaintiff objected, agrees with Magistrate Judge Parker's recommendation.  It is therefore ORDERED that the Court ADOPTS the Report in its entirety.  It is further ORDERED that Plaintiff's Motion to Amend [ECF No. 69] is granted *solely* with respect to substituting Officer Miah for the John Doe Defendant and delineating a false imprisonment claim.  Plaintiff's Motion is denied in all other respects.  The Clerk of the Court respectfully is requested to terminate the motion at ECF No. 69.

**SO ORDERED.**

**Date:   March 4, 2022**
       **New York, NY**
                                   **MARY KAY VYSKOCIL**
                                   **United States District Judge**