UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | | |
|---|---|---|
| DARLENE OLIVER, | ) | **SECOND AMENDED** |
| Plaintiff, | ) | **COMPLAINT**[1] |
| | ) | |
| -against- | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| THE CITY OF NEW YORK; POLICE OFFICER | ) | 19 Civ. 2321 (MKV) (KHP) |
| MIGUEL PEREA; POLICE SERGEANT | ) | |
| AMANDA SZOT; POLICE OFFICER DANIEL | ) | |
| RANGEL; POLICE SERGEANT JOSE | ) | |
| MARTINEZ; POLICE OFFICER CHRISTIAN | ) | |
| VALENCIA; POLICE OFFICER ABUL MIAH, | ) | |
| Shield No. 8482; JOHN DOE FEMALE NYPD | ) | |
| SERGEANT; JOHN DOE # 1; JOHN DOE # 2; | ) | |
| FEMALE JOHN DOE OFFICER; JOHN DOE | ) | |
| SERGEANT; JOHN DOE # 3; JOHN DOES; | ) | |
| RICHARD ROES, | ) | |
| | ) | |
| Defendants. | ) | |

------------------------------------------------------------------X

### PRELIMINARY STATEMENT

    1.    This is a civil rights action in which plaintiff DARLENE OLIVER seeks relief for

the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees,

---

1 The instant Second Amended Complaint is being filed pursuant to the Court's March 4, 2022
Order Adopting Report and Recommendation (docket # 97), which granted in part and denied in
part Plaintiff's motion to file a Second Amended Complaint, and it has been revised pursuant to
that Order to remove material which the Court did not grant Plaintiff leave to file.  Plaintiff
respectfully reserves her appellate rights with regard to those parts of the proposed Second
Amended Complaint (docket #s 70-1 with red lined track edits, and 70-2 without them) which the
Court did not permit Plaintiff to file.

and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth, and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every claim as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on March 16, 2018, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff DARLENE OLIVER is a citizen of the United States, and at all times

relevant herein resided in the state of New York, County of New York.  Plaintiff DARLENE

OLIVER is African-American.

8.       Defendant THE CITY OF NEW YORK ("The City") is and was at all times

relevant herein a municipal entity created and authorized under the laws of the State of New

York.  It is authorized by law to maintain a police department, which acts as its agent in the area

of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW

YORK assumes the risks incidental to the maintenance of a police force and the employment of

police officers as said risk attaches to the public consumers of the services provided by the New

York City Police Department ("NYPD").

9.       Defendants POLICE OFFICER MIGUEL PEREA; POLICE SERGEANT

AMANDA SZOT; POLICE OFFICER DANIEL RANGEL; POLICE SERGEANT JOSE

MARTINEZ; POLICE OFFICER CHRISTIAN VALENCIA; POLICE OFFICER ABUL MIAH,

Shield No. 8482; JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE # 1; JOHN DOE # 2;

FEMALE JOHN DOE OFFICER; JOHN DOE SERGEANT; JOHN DOE # 3; and JOHN

DOES, are and were at all times relevant herein duly appointed and acting officers, servants,

employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual

defendants are and were at all times relevant herein acting under color of state law in the course

and scope of their duties and functions as officers, agents, servants, and employees of defendant

THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority

vested in them by THE CITY OF NEW YORK and the New York City Police Department, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants POLICE OFFICER MIGUEL PEREA;

POLICE SERGEANT AMANDA SZOT; POLICE OFFICER DANIEL RANGEL; POLICE

SERGEANT JOSE MARTINEZ; POLICE OFFICER CHRISTIAN VALENCIA; POLICE

OFFICER ABUL MIAH, Shield No. 8482; JOHN DOE FEMALE NYPD SERGEANT; JOHN

DOE # 1; JOHN DOE # 2; FEMALE JOHN DOE OFFICER; JOHN DOE SERGEANT; JOHN

DOE # 3; and JOHN DOES, are sued individually and in their official capacity.

10.     Defendants POLICE SERGEANT AMANDA SZOT; POLICE SERGEANT

JOSE MARTINEZ; JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE SERGEANT; and

RICHARD ROES, are and were at all times relevant herein duly appointed and acting supervisory

officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York

City Police Department, responsible for the training, retention, supervision, discipline and control

of police officers under their command.  Said individual defendants are and were at all times

relevant herein acting under color of state law in the course and scope of their duties and

functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF

NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them

by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise

performing and engaging in conduct incidental to the performance of their lawful functions in the

course of their duties.  Defendants POLICE SERGEANT AMANDA SZOT; POLICE

SERGEANT JOSE MARTINEZ; JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE

SERGEANT; and RICHARD ROES, are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     At approximately 4:00 or 5:00 p.m. on December 16, 2017, Plaintiff was in her

home at 1420 Bronx River Avenue, Apartment 2H, Bronx, New York, when JOHN DOE

FEMALE NYPD SERGEANT (Caucasian, approximately 5'4" tall, with dark hair and a ponytail)

– on information and belief POLICE SERGEANT AMANDA SZOT - and JOHN DOE # 1

(male, approximately 5'9" tall, and bald) – on information and belief Defendant MIAH- knocked

on the door.

12.     Plaintiff, a short time prior to the police arriving at her door, had had a physical

dispute with her neighbor in the lobby of her building.

13.     JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1 asked Plaintiff to

come outside, and Plaintiff stepped out of her apartment into the hallway.

14.     Plaintiff is 4'11'' tall, and weighs approximately 121 lbs.

15.     Plaintiff explained to JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE

# 1 what had transpired with her neighbor.

16.     JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1, told Plaintiff to

remain in the hallway, and left for a brief time.

17.     Shortly thereafter JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE #

1 came back to the hallway and asked her for her identification.

18.     Plaintiff informed JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE #

1 that her identification was inside of a friend's vehicle just outside the building, and that she

needed to go get it.

19.     JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1 told Plaintiff to

just hold on, and to not go to the vehicle.

20.     JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1 then went away

again for approximately ten minutes.

21.     JOHN DOE # 1 then came back and told Plaintiff she could go to her friend's

vehicle to retrieve her identification.

22.     Plaintiff went down the stairs and then JOHN DOE # 1 told her to hold on.

23.     Plaintiff asked why, and JOHN DOE # 1 then told her she could proceed.

24.     As Plaintiff began to turn a corner on the lobby level she saw the woman she had

been in an altercation with earlier standing there.

25.     There were also approximately fifteen JOHN DOES members of the NYPD,

including JOHN DOE FEMALE NYPD SERGEANT and JOHN DOE # 1, present at the lobby

level at that time.  On information and belief these approximately fifteen JOHN DOES members

of the NYPD included POLICE OFFICER MIGUEL PEREA; POLICE SERGEANT AMANDA

SZOT; POLICE OFFICER DANIEL RANGEL; POLICE SERGEANT JOSE MARTINEZ; and

POLICE OFFICER CHRISTIAN VALENCIA.

26.     JOHN DOE # 2 (male, African-American officer) – on information and belief

POLICE OFFICER MIGUEL PEREA - then, out of nowhere and without cause or justification,

slammed Plaintiff into a wall with excessive force, and handcuffed Plaintiff with an excessive and

punitive tightness.

27.     Plaintiff was then removed from the building and transported to a local housing

police precinct, PSA-8.

28.     Once at PSA-8 a FEMALE JOHN DOE OFFICER took Plaintiff to the restroom,

and pat-frisked Plaintiff there.

29.     After the pat-frisk Plaintiff was brought to a bench at the precinct and JOHN

6

DOES asked her to sit.

30.   Plaintiff responded that she preferred to stand, and proceeded to stand there for approximately 10 minutes, still rear handcuffed.

31.   After Plaintiff stood for the approximately 10 minutes JOHN DOE FEMALE NYPD SERGEANT entered the precinct.

32.   JOHN DOE FEMALE NYPD SERGEANT – without asking for Plaintiff's permission to touch her – moved some strands of Plaintiff's hair which were in front of Plaintiff's face.

33.   Plaintiff told JOHN DOE FEMALE NYPD SERGEANT not to touch her.

34.   JOHN DOE FEMALE NYPD SERGEANT got angry at Plaintiff's words and, without cause or justification, grabbed Plaintiff – who was still rear handcuffed - and threw Plaintiff with excessive force into the wall of the precinct's raised and long desk area, causing injury to Plaintiff's eye.

35.   JOHN DOE FEMALE NYPD SERGEANT also verbally abused Plaintiff, saying things like, in sum and substance, "who the fuck do you think you are" and "this is my precinct."

36.   JOHN DOE FEMALE NYPD SERGEANT also pulled Plaintiff's arms backwards such as to purposely and gratuitously cause her pain and injury.

37.   JOHN DOE #1, and a male JOHN DOE # 3 officer – on information and belief POLICE OFFICER DANIEL RANGEL - assisted JOHN DOE FEMALE NYPD SERGEANT in so manhandling Plaintiff.

38.   Plaintiff screamed about what these Defendants were doing to her arms, and stated that there was video recording in the precinct.

7

39.     JOHN DOE FEMALE NYPD SERGEANT continued to verbally abuse Plaintiff, saying further things like, in sum and substance, "shut the fuck up," "who the fuck do you think you are you stupid black bitch," and the like.

40.     At one point, after the abuse had been going on for some time, a male JOHN DOE SERGEANT – perhaps POLICE SERGEANT JOSE MARTINEZ - called JOHN DOE FEMALE NYPD SERGEANT to the side, seemingly to tell her to stop abusing Plaintiff.

41.     On information and belief, Defendants PEREA and VALENCIA were also present when SZOT, MIAH and RANGEL were physically abusing Plaintiff, and also failed to intervene to prevent the violation of her rights.

42.     Plaintiff sustained scrapes to her wrists, redness, and swelling to one of her hands from the manner in which her arms were manhandled.

43.     The JOHN DOE FEMALE NYPD SERGEANT told Plaintiff that she was getting put through the system, rather than receiving a Desk Appearance Ticket, because she was a "stupid black bitch" and because Plaintiff was being an asshole.

44.     Plaintiff was taken to Jacobi Hospital while in custody, by ambulance.

45.     JOHN DOE FEMALE NYPD SERGEANT's ordered that Plaintiff also be placed in leg shackles, which were placed upon her with excessive and punitive tightness, when brought to the hospital.

46.     Plaintiff was given pain medication at the hospital for the pain in her arms, and an X-ray of her hand.

47.     Plaintiff was then taken back to the precinct, and then to Central Booking, and eventually released after her arraignment.

8

48.     Plaintiff was in custody prior to her arraignment for approximately 48 hours.

49.     Following her release from custody Plaintiff received follow-up care from her primary care physician.

50.     Throughout her ordeal Plaintiff complained that the handcuffs (and the leg shackles) were too tight, but the tightness was not alleviated.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

51.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52.     By their conduct and actions in assaulting and battering (*i.e.*, by using excessive force against), violating and retaliating for the exercise of the right to free speech of, violating Plaintiff's right to equal protection under law, wrongfully denying Plaintiff a Desk Appearance Ticket and prolonging Plaintiff's time in custody due to racial animus and in retaliation for the exercise of her right to free speech, and failing to intercede on behalf of, Plaintiff, defendants POLICE SERGEANT AMANDA SZOT; POLICE OFFICER MIGUEL PEREA; POLICE OFFICER DANIEL RANGEL; POLICE SERGEANT JOSE MARTINEZ; or POLICE OFFICER CHRISTIAN VALENCIA; POLICE OFFICER ABUL MIAH, Shield No. 8482; JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE # 1; JOHN DOE # 2; FEMALE JOHN DOE OFFICER; JOHN DOE SERGEANT; JOHN DOE # 3; and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts,

caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

53.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

54.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

55.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers POLICE SERGEANT AMANDA SZOT; POLICE SERGEANT JOSE MARTINEZ; JOHN DOE FEMALE NYPD SERGEANT; JOHN DOE SERGEANT; and RICHARD ROES, caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

56.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

57.   Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

59.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

60.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

61.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies,

practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

62.      At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning pervasive discrimination against people of color by members of the NYPD.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

63.      At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of denying Desk Appearance Tickets to arrestees for discriminatory or retaliatory reasons.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.68.      As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

64.      Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

66.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

67.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68.     By the actions described above, defendants did inflict assault and battery upon Plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### TRESPASS

70.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

71.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of

plaintiff.

72.     As a result of the foregoing, Plaintiff was deprived of her liberty and property,

suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was

otherwise damaged and injured.

## SEVENTH CLAIM

## NEGLIGENCE

73.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

74.     The defendants, jointly and severally, negligently caused injuries, emotional

distress and damage to Plaintiff.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to Plaintiff and violated her statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

75.     As a result of the foregoing, Plaintiff was deprived of her liberty and property,

suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was

otherwise damaged and injured.

## EIGHTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

76.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

77.     Defendant THE CITY OF NEW YORK negligently hired, screened, retained,

14

supervised and trained the employees and officials who injured plaintiff.  The acts and conduct of these employees and officials were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## FALSE IMPRISONMENT

79.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80.     By wrongfully denying Plaintiff a Desk Appearance Ticket and prolonging Plaintiff's time in custody due to racial animus and in retaliation for the exercise of her right to free speech, defendants caused plaintiff to be falsely imprisoned, without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empanelling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
               March 15, 2022

                                            _____/S/_____
                                            JEFFREY A. ROTHMAN, Esq.
                                            305 Broadway, Suite 100
                                            New York, New York 10007
                                            (212) 227-2980
                                            Attorney for Plaintiff

16